IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CIVIL ACTION FILE
CASE NO: 9: 13-80685- CIV-HURLEY/HOPKINS

SANDRA SUNDERLAND, BODIL TVEDE,
BARBARA DRUMM, MORRIS STEINER,
HOWARD FELTZIN, JULIA FELTZIN,
JACQUELINE GLUCKMAN, JAMES LIESE,
SUSAN LIESE, JOHN VIRGADAULA and
FLORIDA ASSOCIATION OF THE DEAF, INC.
CAROLANN DONOFRIO AND JOHN DONOFRIO

   Plaintiffs,

vs.

BETHESDA HEALTH, INC. and BETHESDA
HOSPITAL, INC. d/b/a BETHESDA MEMORIAL
HOSPITAL AND BETHESDA HOSPITAL WEST,

   Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REPORT OF TIMOTHY F. HAWKINS

  COME NOW the Defendants, Bethesda Health, Inc., and Bethesda Hospital, Inc., by and through the undersigned counsel, and file this Response to Plaintiffs' Motion in Limine to Exclude Expert Testimony and Report of Timothy F. Hawkins, and say:

  Plaintiffs' Motion to Exclude Defendant's expert, Mr. Hawkins, based on Daubert under Fed. R. Evid. 702 is not well taken. Daubert and its progeny focus on the admissibility of scientific opinion evidence when there is a question of the methodology employed by the challenged expert regarding the reliability of the data supporting the expert's opinion. Mr. Hawkins will not be offering scientific opinions that would be

subject to the scrutiny the Court must apply in its gatekeeper role when determining whether there is sufficient scientific data to support an expert's opinion.

Rather, Mr. Hawkins will be offering hospital administration standard of care opinions. He is undisputedly qualified to offer those opinions based on his 30 years of experience in the field. Mr. Hawkins' opinions are not based on scientific testing or evaluation. His opinions are based on his personal experience regarding what the prevailing standard in the hospital community is for complying with the requirement that hospitals make reasonable accommodations for deaf patients to ensure they are afforded equal outcomes to those afforded to hearing patients. His expertise on this standard of care issue is directly relevant to the determination of whether the Hospital's actions in this regard were reasonable.

As a predicate to his opinions, Mr. Hawkins acknowledges that he understands what the relevant laws and regulations state. However, Mr. Hawkins will not be offering his opinion regarding the meaning of those laws; he will merely be testifying based on his extensive experience regarding what steps hospitals take to satisfy their obligations under the law. The cases cited by Plaintiffs do not address this situation where an expert understands a regulatory framework and testifies regarding what the standard is in the relevant industry for complying with the standards, thus the cases cited by Plaintiffs are inapposite. Plaintiffs have not deposed Mr. Hawkins, so this Motion is premature and differs from Independent Living Resources v. Oregon Arena Corp. (U.S.D.C., D. Ore.1997) 982 F. Supp. 6980, 765-6, where the Court was relying on deposition testimony. Plaintiffs cite no authority to support their position that this type of standard of care opinion is in any way subject to a challenge under the framework laid

out in <u>Daubert</u> for challenging scientific opinions that are not reliable because they are based on insufficient data or have not been generally accepted in the relevant scientific community.

For the foregoing reasons, Defendants request that Plaintiffs' Motion in Limine to Exclude Expert Testimony and Report of Timothy F. Hawkins be denied.

Respectfully Submitted on April 9, 2015.

                    SONNEBORN RUTTER & COONEY, P.A.
                    Attorneys for Defendants
                    1400 Centrepark Blvd., Suite 400
                    West Palm Beach, Florida 33401

By:   s/ John D. Heffling
       Barbara W. Sonneborn
       F.B.N.: 224881
       bws@srcke.com
       John D. Heffling
       F.B.N. 0500770
       jheffling@srcke.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CIVIL ACTION FILE
CASE NO: 9: 13-80685- CIV- HURLEY/HOPKINS

SANDRA SUNDERLAND, BODIL TVEDE,
BARBARA DRUMM, MORRIS STEINER,
HOWARD FELTZIN, JULIA FELTZIN,
JACQUELINE GLUCKMAN, JAMES LIESE,
SUSAN LIESE, FLORIDA ASSOCIATION
OF THE DEAF, INC., JOHN DONOFRIO, and
CAROLANN DONOFRIO

    Plaintiff,

vs.

BETHESDA HEALTH, INC. and BETHESDA
HOSPITAL, INC. d/b/a BETHESDA MEMORIAL
HOSPITAL AND BETHESDA HOSPITAL WEST,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served to all parties on the attached service list by Electronic mail on April 9, 2015.


    s/ JOHN D. HEFFLING

# SERVICE LIST

**SANDRA SUNDERLAND, et. al v. BETHESDA HEALTH, INC. and BETHESDA HOSPITAL, INC. d/b/a BETHESDA MEMORIAL HOSPITAL AND BETHESDA HOSPITAL WEST**
CASE NO: 9: 13-80685- CIV- HURLEY/HOPKINS
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Matthew W. Dietz, Esquire
matthewdietz@usdisabilitylaw.com
Rachel L. Goldstein, Esquire
rgoldstein@justdigit.org
aa@justdigit.org
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, Florida  33133
Telephone: (305) 669-2822
Facsimile:  (305) 442-4181
Attorney for Plaintiffs'

Clara R. Smit, Esquire
crsmitlaw@aol.com
Turnpike Metroplex
190 Route 18N, Suite 200
East Brunswick, New Jersey 08816
Telephone: (732) 843-6601
Facsimile: (732) 843-6602
Attorney for Plaintiffs'

Barbara W. Sonneborn, Esquire
BWS@srcke.com
John D. Heffling Esquire
JHEFFLING@srcke.com
SONNEBORN RUTTER & COONEY, P.A.
1400 Centrepark Blvd.
Suite 400
West Palm Beach, Florida 33401
Telephone:  (561) 684-2000
Facsimile:  (561) 684-2312
Attorneys for Defendants