IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 13-80685-CIV-HURLEY/HOPKINS

SANDRA SUNDERLAND, BODIL TVEDE, BARBARA DRUMM, MORRIS STEINER, HOWARD FELTZIN, JULIA FELTZIN, JACQUELINE GLUCKMAN, JAMES LIESE, SUSAN LIESE, JOHN VIRGADAULA, CAROLANN DONOFRIO, JOHN DONOFRIO and FLORIDA ASSOCIATION OF THE DEAF, INC.,

Plaintiffs,

v.

BETHESDA HEALTH, INC. and BETHESDA HOSPITAL, INC. d/b/a BETHESDA MEMORIAL HOSPITAL AND BETHESDA HOSPITAL WEST,

Defendants
_____/

**PLAINTIFFS REPLY IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE EXPERT TESTIMONY AND REPORT OF TIMOTHY F. HAWKINS**

COMES NOW, Plaintiffs, Sandra Sunderland, Bodil Tvede, Barbara Drumm, Morris Steiner, Howard Feltzin, Julia Feltzin, Jacqueline Gluckman, James Liese, Susan Liese, John Virgadaula, Carolann Donofrio, and John Donofrio, and Florida Association of the Deaf, Inc., by and through undersigned counsel, and files their reply in support of Plaintiffs' Motion in Limine to exclude expert testimony and report of Timothy F. Hawkins, and in support thereof states as follows:

This action was brought under the Americans with Disabilities Act ("ADA") as well as Section 504 of the Rehabilitation by Plaintiffs who maintain that, as individuals who are deaf, they

were denied effective communication throughout medical care and treatment at Bethesda Hospital. In its response to Plaintiffs' motion in limine to exclude expert testimony and report of Timothy F. Hawkins, the Defendants request the court to bypass its gatekeeping function as a formality and accept a person with no specialized knowledge, education, training or experience relevant to this case --- the deaf, deaf issues, deaf communication, auxiliary aids and services, the linguistic abilities of the deaf, the communication devices for the deaf, effective communication or hospital policies regarding the same -- to be deemed an expert witness. Timothy F. Hawkins should be stricken as an expert for any purpose whatsoever in this matter.

The Federal Rules of Evidence clearly allow for expert testimony if and only "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the *form* of an opinion or otherwise" if sufficiency, reliability, and fit tests are met.". Fed. R. Evid. 702. In determining whether to exclude or allow proffered expert witness testimony, the Court must ensure that only appropriate and reliable expert testimony is presented to the trier of fact. Specifically, the Court must consider: first, is the proffered witness qualified, pursuant to Fed. R. Evid. 104(a) & 702, to provide such testimony; second, is the proffered opinion reliable and relevant, as explained in <u>Daubert v. Merrell Dow Pharmaceuticals. Inc.</u>, 509 *U.S.* 579 (1993), and <u>Kumho Tire Company. Ltd. v. Carmichael</u>, 526 *U.S.* 137 (1999); and third, even if relevant, is "its probative value substantially outweighed by the danger of unfair prejudice, confusion of the issues, or . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

There is no requirement that Plaintiffs depose Mr. Hawkins prior to the filing of a motion in limine to exclude his expert testimony and report. From the face of his curriculum vitae and

expert report, and even from defendants response to plaintiffs motion in limine, it is obvious that he is not qualified to provide expert testimony in this case. Defendants admit that Mr. Hawkins opinions are solely based on his 30 years of experience in hospital administration. While he may be an experienced hospital administrator, such experience in no way qualifies him to render any opinions on the matters he intends to address. Mr. Hawkins has no specialized training, professional or personal experience or educational credentials that qualify him to give the conclusions contained within his report, and as such he is no different than a lay witness and as a lay witness his statements and opinions would be inadmissible.

Defendants' only response to plaintiffs motion is that Mr. Hawkins will offer hospital administration standard of care opinions based on his personal experience which is relevant to the determination of whether the Hospital's actions were reasonable. His opinions "are based on his personal experience regarding what the prevailing standard in the hospital community is for complying with the requirement that hospitals make reasonable accommodations for deaf patients to ensure they are afforded equal outcomes to those afforded to hearing patients."[1] [D.E. 122, p. 2]. The reasonableness of the hospital's actions compared to those of any other hospital has no bearing on any claim or defense whatsoever in this case. Allowing Mr. Hawkins to testify and provide his explanation and interpretation of hospital administration standards of care and his opinions as to whether Bethesda Hospital's actions were reasonable will only serve to confuse and

---

[1] This is not the applicable standard. The relevant inquiry to determining whether Defendants met their obligation to provide effective communication to Plaintiffs under the ADA and Rehab Act *is not* whether adequate treatment was received that did not result in sub-standard care or grievous injury. The law requires more than simply providing Plaintiffs with adequate care or showing that they would not have been provided better treatment with better communication. Instead, Defendants' obligation, of which they are expressly aware, is to ensure that deaf patients be provided an *equal* opportunity to participate in their care and treatment at *all* stages. 45 C.F.R. § 84.4(b).

mislead the trier of fact about the obligations of a hospital under the ADA or the Rehabilitation Act. What occurs at other hospitals has no bearing on what did or did not occur in this case during the hospitalizations at defendants' hospital at issue. It is also irrelevant as other hospitals, as those may or may not be violating the same law that Plaintiffs allege that Bethesda may be violating, and the fact that many hospitals are violating their Deaf patient's rights does not make the denial of effective communications reasonable.

The danger of unfair prejudice and confusion of the issues outweighs any probative value of Mr. Hawkins' testimony and report. Mr. Hawkins goes far beyond acknowledging that he understands what the relevant laws and regulations state. Mr. Hawkins opinions are full of conclusions of law without any support and with an inaccurate interpretation being applied which must be excluded as they will unnecessarily mislead and confuse the trier of fact. Mr. Hawkins understanding or interpretation of the law is not within his purview of education, experience or expertise and are inappropriate, irrelevant as well as purely inadmissible legal conclusions, and are conclusions that only the Court can make.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter an Order granting their Motion to Exclude Expert Witness Report and Testimony of Timothy F. Hawkins and such further relief as this court deems just and equitable.

Respectfully submitted this 20th of April, 2015.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

*Disability Independence Group, Inc. * 2990 Southwest 35th Avenue * Miami, Florida 33133*

document is being served via CM/ECF on this day to: John Heffling, Esquire, Sonneborn Rutter Cooney & Smith, P.A.,1400 Centrepark Boulevard, Suite 400, West Palm Beach, Florida 33401.

BY: s/ Rachel L. Goldstein
Rachel L. Goldstein, Esq.
Fla. Bar No.: 0095973
Matthew W. Dietz, Esq.
Fla. Bar No.: 0084905
*Attorneys for Plaintiffs*

/s/ Clara R. Smit, Esq.
Clara R. Smit, Esq.
*Attorney for Plaintiffs*